UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JEFFREY BLAIN KIMBLE,
         Plaintiff,
    v.
NANCY A. BERRYHILL,
         Defendant.

Case No. 16-cv-05453-JD

**ORDER RE SUMMARY JUDGMENT**

Re: Dkt. No. 15

Plaintiff Kimble challenges a decision by an administrative law judge ("ALJ") finding that he is not disabled under the Social Security Act. Both sides filed cross-motions for summary judgment. Plaintiff's motion is granted, and defendant's motion is denied.

The material facts are largely undisputed. At the time of the hearing before the ALJ, Kimble was 49 years old. The parties agree that Kimble has a long history of homelessness, mental illness, and substance abuse. The main issue discussed in the ALJ's post-hearing decision was whether Kimble's substance-abuse issues effectively barred a determination that he is disabled. As the decision notes, "[i]f . . . there is medical evidence of a substance use disorder, there is an additional issue as to whether the substance use disorder is a contributing factor material to the determination of disability." AR 12. The ALJ concluded that Kimble's substance abuse was a contributing factor, and denied a finding of disability for that reason.

In our circuit, an ALJ's decision to deny benefits "will only be disturbed if it is not supported by substantial evidence or it is based on legal error" that is not harmless. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) (internal quotation and citation omitted). The materiality of a claimant's substance abuse is defined by the Social Security Administration regulations, which state that the "key factor we will examine in determining whether drug

addiction or alcoholism is a contributing factor material to the determination of disability is whether we would still find you disabled if you stopped using drugs or alcohol." 20 C.F.R. § 404.1535(b)(1).

The ALJ agreed that Kimble had borderline intellectual functioning and an IQ of 80, cognitive impairment in memory, attention and concentration, and visuospatial constructional ability, depression, and marked difficulties in social functioning. AR 14-16; *see also* AR 369-70, 400. The ALJ also found that Kimble had credibly demonstrated that he suffered from auditory hallucinations and heard voices. AR 16. Even so, the ALJ concluded that Kimble would have only "mild limitations in activities of daily living" if he stopped abusing substances, and consequently was not disabled. *Id.*

This finding is not supported by substantial evidence in the record. As an initial matter, the ALJ herself noted that Kimble's hallucinations, depression and borderline intellectual functions would continue to cause more than minimal limitations even if he stopped the substance use. AR 16-17. The ALJ appears to have put considerable weight on reports about Kimble's performance during periods of sobriety, but that evidence indicates that, even then, Mr. Kimble continued to suffer debilitating symptoms. For example, the ALJ cited one medical report from Kimble's confinement at the Santa Rita jail that he showed "good eye contact" and "appropriate laughter" while isolated from drug use. AR 16, 350. But that same report and several others from the jail paint a far less positive picture. Among other concerns, these reports state that, even without substance abuse, Kimble reported extreme headaches, was depressed and unable to sleep, displayed mood problems, and was unsuccessfully treated with thorazine, a widely used medication for psychotic disorders, which failed to control the "constant chatter" of voices he heard "all the time." AR 350-56.

Subsequent assessments by a variety of health care providers also documented Kimble's experience of hallucinations and the distress they caused him, along with severe depression. *See, e.g.*, AR 400, 466, 476. One assessment specifically noted that Kimble continued to hallucinate and was put on anti-psychotic drugs during the period of forced sobriety at Santa Rita jail. AR 493. The ALJ discounted these assessments as "inconsistent with the weight of medical

2

evidence," AR 19, but failed to cite substantial medical evidence contrary to them. For the most part, the ALJ appears simply to have credited a report by Dr. Patricia Spivey, a psychologist who conducted a consultative examination of Kimble. While Spivey made a few benign comments about Kimble's cognitive functions, AR 17, she also noted a diagnostic impression of "depressive disorder severe with psychotic features" and that Kimble experienced daily hallucinations even in the absence of substance use. AR 400-01. Spivey found Kimble's hallucinations reports to be "convincing." AR 400.

Overall, the record does not contain substantial evidence supporting the ALJ's denial of benefits based on Kimble's substance use. Because the record is fully developed and further administrative proceedings would not serve a useful purpose, the case is remanded for calculation and award of benefits. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198, 1202 (9th Cir. 2008).

**IT IS SO ORDERED.**

Dated: June 29, 2018

JAMES DONATO
United States District Judge